# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:08-cv-00445-W

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **MCCALL BUSINESS GROUP, LLC, MGB GLOBAL, LLC, and TYRONE "CAUZAE" MCCALL,** ) <br> ) <br> **Defendants.** ) | **ORDER** |

THE MATTER is before the Court on Defendant's Motion to Close the Case (Doc. No. 27). Plaintiff filed its response in opposition (Doc. No. 28), and this motion is now ripe.

On January 5, 2010, this Court dismissed this action with prejudice in accordance with the representations of Plaintiff that this matter had been settled and could be dismissed "with prejudice." (Doc. No. 24). The next day, on January 6, 2010, Plaintiff filed a motion to reopen the case to allow additional time for Defendant to return the signed Consent Order and also requesting the Court allow Plaintiff additional time to file a summary judgment motion. On January 7, 2010, two days after entering its order closing the case, the Court granted Plaintiff's motion in part, which resulted in the case being reopened and set for bench trial on the Court's March 8, 2010, trial calendar.[1] (Doc. No. 26). Both orders were entered by the Court prior to a response from Defendant.

---

[1] The Court denied that portion of Plaintiff's motion seeking to reopen the dispositive motions deadline because that deadline expired without event long before the parties reached a settlement agreement.

Defendant now seeks relief from this January 7, 2010, Order reopening the case. Because Defendant appears pro se and is being served conventionally via the United States Postal Service, the Court will waive any untimeliness issues and construe his motion as both an objection to Plaintiff's original motion to reopen the case and also as a motion for reconsideration from the order granting Plaintiff's motion. In any event, after careful review, the Court finds that Defendant is entitled to the relief requested.

Defendant's motion seeks reinstatement of the Court's earlier order dismissing the case with prejudice based upon a settlement reached by the parties. By requesting such relief, Defendant acknowledges the existence of a settlement agreement between the parties. Moreover, Defendant's representations in his motion implicitly recognize the he agreed to the settlement in principle. Specifically, in support of his argument that the case should return to its "dismissed" status, Defendant's motion at bar reiterates Plaintiff's representation and the Court's finding that the parties reached a settlement in this case. Because the existence of the settlement agreement appears uncontested, the Court will grant Defendant's motion and dismiss this case. As a result, however, Defendant is estopped from arguing such an agreement does not exist.

The Court notes that Plaintiff filed a response in opposition to Defendant's motion. While Plaintiff's arguments might have merit if Defendant was contesting the existence of a settlement agreement before this Court, such is not the case. Moreover, Plaintiff is not left empty-handed. A Consent Order is not required by this Court in order to recognize a settlement agreement. It is well-settled in the Fourth Circuit that:

> [I]f an agreement for complete settlement of the underlying litigation, or part of it, has been reached and its terms and conditions can be determined, the court may enforce the agreement summarily as long as the excuse for nonperformance of the

> agreement is "comparatively insubstantial." Millner v. Norfolk & W. Ry. Co., 643 F.2d 1005, 1009 (4th Cir.1981).(quoting Autera v. Robinson, 419 F.2d 1197, 1200 (D.C. Cir.1969)). "[H]aving second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement," Young v. FDIC, 103 F.3d 1180, 1195 (4th Cir.1997), and the fact that the agreement is not in writing does not render it unenforceable, Alexander v. Industries of the Blind, Inc., 901 F.2d 40, 41 (4th Cir.1990)....
>
> If there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement summarily. See Alexander, 901 F.2d at 41; Millner, 643 F.2d at 1010. Instead, when such factual disputes arise, the court must "conduct a plenary evidentiary hearing in order to resolve that dispute," Millner, 643 F.2d at 1009, and make findings on the issues in dispute, Ozyagcilar v. Davis, 701 F.2d 306, 308 (4th Cir.1983) n1 ....

Henlsey v. Alcon Laboratories, Inc., 277 F.3d 535, 540 (4th Cir. 2002). Thus, Defendant's assertion that Plaintiff's failure to obtain and file a Consent Order is of no consequence to the Court's ruling to dismiss the case. Both Plaintiff and Defendant are entitled to the terms and conditions of the settlement agreement. Plaintiff should attempt to present Defendant with another opportunity to sign the Consent Order. Should Defendant refuse, Plaintiff may reopen this case for the limited purpose of enforcing the settlement agreement. If the parties dispute the agreement's terms, then the Court will conduct a plenary evidentiary hearing in order to resolve facts in dispute.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Close the Case is GRANTED. The Clerk's Office is DIRECTED to close the case and terminate all deadlines.

IT IS SO ORDERED.

Signed: February 18, 2010

Frank D. Whitney
United States District Judge